UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>JOSHUA KALEB YOUNGERMAN,<br><br>Defendant. | Crim. Action No. 23-269 (TJK) |

<u>MR. YOUNGERMAN'S MOTION TO VACATE THE CURRENT TRIAL DATE</u>

Mr. Youngerman respectfully requests that the Court grant his motion to vacate the trial currently set to begin on November 18, 2024. On August 27, 2024, the parties appeared before the Court for a status conference. ECF No. 61. On that date, the defense requested to continue the trial based on the return of a Second Superseding Indictment filed by the government on August 21, 2024. ECF No. 56. The Court ordered that Mr. Youngerman file any motion to continue the trial by September 11, 2024. ECF No. 61. This motion now follows.

<u>STATEMENT OF FACTS</u>

The charges against Mr. Youngerman have materially changed several times since the inception of this case on July 24, 2023. Initially, Mr. Youngerman was charged with five misdemeanors by way of complaint:

> COUNT ONE: 18 U.S.C. § 1752(a)(1): knowingly entering or remaining in any restricted building or grounds without lawful authority to do so;
>
> COUNT TWO: 18 U.S.C. § 1752(a)(2): knowingly, and with intent to impede or disrupt the orderly conduct of Government

> business or official functions, engaging in disorderly or disruptive conduct in, or within such proximity to, any restricted building or grounds when, or so that, such conduct, in fact, impedes or disrupts the orderly conduct of Government business or official functions;
>
> COUNT THREE: 40 U.S.C. § 5104(e)(2)(D): uttering loud, threatening, or abusive language, or engaging in disorderly or disruptive conduct, at any place in the Grounds or in any of the Capitol Buildings with the intent to impede, disrupt, or disturb the orderly conduct of a session of Congress or either House of Congress, or the orderly conduct in that building of a hearing before, or any deliberations of, a committee of Congress or either House of Congress;
>
> COUNT FOUR: 40 U.S.C. § 5104(e)(2)(G): parading, demonstrating, or picketing in any of the Capitol Buildings.
>
> COUNT FIVE: 40 U.S.C. § 5104(d): stepping or climbing on, removing, or in any way injuring any statue, seat, wall, fountain, or other erection or architectural feature, or any tree, shrub, plant, or turf, in the Grounds.

ECF No. 1. Nearly nine months later, the government procured a Superseding Indictment adding the following felony as Count One:

> COUNT ONE: 18 U.S.C. 1512(c)(2) attempted to, and did, corruptly obstruct influence, and impede an official proceeding.

ECF No. 24. On August 10, 2024, the government moved to dismiss Count One of the Superseding Indictment after the Supreme Court's Decision in *United States v. Fischer*, 603 U.S. ___, (2024). ECF No. 54. On August 21, 2024, the government obtained a Second Superseding Indictment charging Mr. Youngerman with conspiring with Russell Taylor and "others known an unknown" to:

> "prevent by force, intimidation, and threat any officer of the United States, that is Members of the United States Congress and law enforcement officers, to leave the place, where their duties as officers were required to be performed."

ECF No. 56 at 4. Mr. Youngerman was arraigned on the Second Superseding Indictment on August 27, 2024. The trial, currently set for November 18, 2024, is just 83 days from the date of Mr. Youngerman's arraignment on the newly added conspiracy count involving persons "known

and unknown" and an alleged agreement to commit acts of violence and intimidation. If the current trial date holds, the defense will have had just 83 days to retread all the discovery review, file additional motions, engage in additional and substantial investigation, and prepare for trial.

For the first nearly 13 months of this case, the government provided access to over 10.55 Terabytes of discovery, including over 8 million individual files via an online review platform. Not all this discovery pertained to Mr. Youngerman. The government also provided eight productions of discovery amounting to 250 gigabytes and over 50,000 individual files which individually pertained to Mr. Youngerman's actions and communications leading up to the events of January 6, 2021.

For the first nearly 13 months of this case, Mr. Youngerman's defense team was focused on discovery review and investigation relating to Mr. Youngerman's actions *only*. None of the charges for the first 13 months of Mr. Youngerman's case included violence, force, or intimidation, as there is no evidence that Mr. Youngerman engaged in any of that type of behavior. None of the previously filed charges included a conspiracy to engage in violence for or intimidation.

Within the enormous amount of discovery already produced by the government, there are over 1,000 individual files and tens of thousands of messages between Mr. Youngerman, Russell Taylor, and others. Because the conspiracy charge is, at its core, about whether Mr. Youngerman agreed to a criminal scheme to engage in violence, or intimidate members of Congress or law enforcement, all his communications with other participants in the January 6 organizing group chats are extremely important, relevant, and require close review. Furthermore, many of the participants are potential witnesses, which greatly expands the scope of the required defense

investigation. *See* Exhibit A, *Ex-Parte* Under Seal Submission and Investigation Plan. As of the date of this filing, Mr. Youngerman has had less than three weeks to review the discovery through the lens of a conspiracy charge.

Finally, as of today, the government has announced its intention to produce additional discovery related to the conspiracy charge. *See* Exhibit B, *Email from AUSA Krishnamurthey Regarding Discovery*. As of the submission of this motion, the defense is unaware of the contents of the anticipated production and has had no opportunity to review, test, or conduct follow up investigation based on this new information.

The defense team has also made a discovery request to the government for production of the contents of Robert Colello's phone. All evidence suggests that Mr. Colello was present with Mr. Youngerman throughout the day on January 6, 2021. Mr. Colello was interviewed by the FBI in connection with the events of January 6, 2021, and Mr. Colello said he was with Mr. Youngerman the whole day. *See United States v. Colello*, 24-cr-0059. Mr. Colello pled guilty to disorderly conduct on capitol ground in violation of 40 U.S.C. § 5104(e)(2)(D) and picketing or parading on capitol grounds in violation of 40 U.S.C. § 5014(e)(2)(G). Mr. Colello is likely one of the "unnamed" and unindicted co-conspirators alleged in Mr. Youngerman's latest indictment. The government is in possession of Mr. Colello's phone, and the contents of Mr. Colello's phone are relevant to what he and Mr. Youngerman agreed to do on January 6, 2021, and whether they conspired to injure or intimidate members of Congress or law enforcement. The defense is not yet in possession of this crucial piece of discovery.

LEGAL AUTHORITY

The Speedy Trial Act contemplates that a trial shall begin "within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever last occurs." 18 U.S.C. § 3161(c)(1). The Speedy Trial clock resets if any charge in the original indictment was dismissed and a new charge filed "arising from the same criminal episode." 18 U.S.C. § 3161(d)(1).

However, Section 3161(h) excludes certain periods of time in calculating the 70 days. That includes delay resulting from a continuance if the court finds "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7((A).  The court must "set [] forth … either orally or in writing, its reason" for the finding. *Id*.  The court can exclude time if the failure to grant such a continuance "would deny counsel for the defendant or the attorney for the Government the reasonable time necessary for effective preparation, taking into account the existence of due diligence." *Id*. Here, the ends of justice served by granting the requested continuance of the trial outweigh the best interest of the public and the defendant in a speedy trial.  Although the new conspiracy charge arises out of the same incident as the previous charges, it drastically changes the nature of the evidence that is likely to be admitted by the government. To counter the government's anticipated narrative, the nature of the defense preparation has changed significantly, prompting the need to review the massive amount of discovery once again with a conspiracy charge in mind.  Furthermore, the nature and number of potential defense witnesses has significantly ballooned.

Mr. Youngerman makes this motion to vacate trial in order to procure additional time to investigate in preparation for trial. Defense counsel has a duty to investigate for trial. Prevailing

professional norms require counsel to "scrutinize carefully the quality of the state's case and to investigate and re-investigate all possible defenses." ABA Guidelines 10.7, Commentary, p. 1018. "The duty to investigate is not terminated by such factors as the apparent force of the prosecution's evidence, a client's alleged admissions to others of facts suggesting guilt [. . .]. ABA Criminal Justice Standard 4-4.1(b).  The scope of the defense investigation must match the scope of the government investigation. This means that a defense investigation that would be objectively reasonable in a single capital murder one-month police investigation is not equivalent to what would objectively be required in a case with twelve murders and an FBI investigation that spanned 14 years. *See Strickland v. Washington*, 466 U.S. 1267 at 690 (1984). "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes a particular investigation unnecessary." *Id.*, at 690-691. Investigation is essential, and counsel cannot provide effective representation without it. *Id.*; *Wiggins v. Smith*, 539 U.S. 510 at 533 (2003); *Strickland*, 466 U.S. at 690-691.  "Only when reasonable investigation had been performed is counsel in a position to make informed tactical decisions." *United States v. Barbour*, 813, F2d 1232, 1234 (D.C. Cir. 1987).  Counsel has a duty to attempt to contact potential witnesses who could contradict the government's evidence or reveal bias in a government witness. *United States v. Mohammed*, 863 F.3d 885, (D.C. Cir. 2017).  Counsel cannot ignore avenues of investigation of which they should be aware. *Porter v. McCollum*, 558 U.S. 30 at 40 (2009).

      In Mr. Youngerman's case, the potential witness list has grown exponentially based on the nature of the new felony charge.  Mr. Youngerman is entitled to a reasonable investigation which defense counsel has laid out in it's under seal filing.  Given the sudden change in the nature of the charges against Mr. Youngerman, he would be severely prejudiced if his defense

team were not permitted the time to fully investigate the allegations and explore all possible defenses for trial.

## CONCLUSION

For the foregoing reasons, Mr. Youngerman respectfully asks this Court to vacate the currently set trial date of November 18, 2024 and set a status conference date in early October for the purposes of setting a new trial date.

Respectfully submitted,

Dated: September 11, 2024

*s/ Lynette M. Belsky*
*s/ Sara M. Peloquin*
Federal Defenders of San Diego, Inc.
Attorneys for
JOSHUA KALEB YOUNGERMAN
Email: Lynette_Belsky@fd.org

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th date of September 2024, a copy of the foregoing was efiled, served, and/or delivered to counsel of record or case registered parties by the CM/ECF court system.

**LYNETTE BELSKY**
**SARA PELOQUIN**
**FEDERAL DEFENDERS OF SAN DIEGO, INC.**
Attorneys for Mr. Youngerman
225 Broadway, Suite 900
San Diego, CA 92101
Lynette_Belsky@fd.org
Sara_Peloquin@fd.org

*/s/ Lynette Belsky*

Lynette Belsky, Trial Attorney

*/s/Sara Peloquin*

Sara Peloquin, Trial Attorney

# EXHIBIT B

| | |
|---|---|
| **From:** | Krishnamurthy, Pavan (USADC) |
| **To:** | Lynette Belsky; Sara Peloquin |
| **Cc:** | Freeh, Rachel (USADC) |
| **Subject:** | U.S. v. Youngerman - Additional Discovery |
| **Date:** | Wednesday, September 11, 2024 6:02:34 AM |

Lynette, Sara,

Good morning. I hope you both are doing well. Rachel and I wanted to update you on some additional discovery matters. Our case agent is processing the final batch of subpoena returns, most of which were just provided to the government. We anticipate production in the coming days. There are only a few items, but once produced, it will represent the competition of case-specific discovery, understanding that the government of course has an ongoing discovery obligation.

As always, please do not hesitate to reach out with any questions you may have.

Very respectfully,
Pavan


--

Pavan S. Krishnamurthy
Assistant United States Attorney
U.S. Attorney's Office
District of Columbia
███████████
███████████